IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

JEANETTE S. HALE                                                                                           PLAINTIFF

vs.                                              Civil No. 2:15-cv-02206

CAROLYN W. COLVIN                                                                                    DEFENDANT
Commissioner, Social Security Administration

## MEMORANDUM OPINION

Jeanette S. Hale ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her applications for Disability Insurance Benefits ("DIB"), Supplemental Security Income ("SSI"), and a period of disability under Titles II and XVI of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 5.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.      Background:**

Plaintiff protectively filed her disability applications on March 17, 2010. (Tr. 10). In her applications, Plaintiff alleges being disabled due to peripheral neuropathy and panic disorder. (Tr. 177). At the administrative hearing in this matter, Plaintiff also alleged being disabled due to facial pain caused by trigeminal neuralgia. (Tr. 36). Plaintiff alleges an onset date of March 31, 2008. (Tr.

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____" The transcript pages for this case are referenced by the designation "Tr."

1

10).  These applications were denied initially and again upon reconsideration.  (Tr. 49-52).

After Plaintiff's applications were denied, Plaintiff requested an administrative hearing on her applications, and this hearing request was granted.  (Tr. 66-74).  Thereafter, on September 19, 2011, the ALJ held an administrative hearing on Plaintiff's applications.  (Tr. 26-48).  At this hearing, Plaintiff was present and was represented by Fred Cadell.  *Id.*  Plaintiff and Vocational Expert ("VE") John Massey testified at this hearing.  *Id.*  During this hearing, Plaintiff testified she was thirty-seven (37) years old, which is defined as a "younger person" under 20 C.F.R. § 416.963(c) (2008) (SSI) and 20 C.F.R. § 404.1563(c) (2008) (DIB).  (Tr. 29).  As for her education, Plaintiff testified she had received her high school diploma and had completed some college.  (Tr. 29).

    A.    **ALJ's First Administrative Decision**

On October 28, 2011, after the administrative hearing, the ALJ entered a fully unfavorable decision denying Plaintiff's applications.  (Tr. 7-20).  The ALJ found Plaintiff met the insured status requirements of the Act through December 31, 2013.  (Tr. 12, Finding 1).  The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since March 31, 2008, her alleged onset date.  (Tr. 12, Finding 2).  The ALJ determined Plaintiff had the following severe impairment: peripheral neuropathy.  (Tr. 12-13, Finding 3).  The ALJ also determined Plaintiff's impairment did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings").  (Tr. 14, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC.  (Tr. 14-18, Finding 5).  First, the ALJ evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible.  *Id.*  Second, the ALJ determined Plaintiff retained the capacity for the following:

2

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except that she is limited in the abilities to push and pull and operate hand or foot controls. She can occasionally balance, stoop, kneel, crouch, crawl and climb ladders, ropes and scaffolds and can frequently climb ramps and stairs. She must also avoid concentrated exposure to hazards such as machinery and heights.

*Id.*

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW") and found Plaintiff was unable to perform any of her PRW. (Tr. 18-19, Finding 6). The ALJ then determined whether Plaintiff retained the capacity to perform other jobs existing in significant numbers in the national economy. (Tr. 18-19, Finding 10). In addressing this issue, the ALJ applied the Medical-Vocational Guidelines or the "Grids." *Id.* Specifically, the ALJ found that under Rule 201.28 of the Grids, Plaintiff was not disabled. *Id.* Accordingly, the ALJ found Plaintiff had not been under a disability, as defined by the Act, from March 31, 2008 through the date of his decision or through October 28, 2011. (Tr. 19, Finding 11).

Plaintiff sought review with the Appeals Council. (Tr. 4). Thereafter, on October 1, 2012, the Appeals Council denied Plaintiff's request for review. (Tr. 1-3). Plaintiff then appealed her case to this Court, and this Court reversed and remanded Plaintiff's case for further administrative review. *See Hale v. SSA,* 2:12-cv-02302 (ECF No. 20).

### B. ALJ's Second Administrative Decision

The ALJ then held a second administrative hearing on March 19, 2014. (Tr. 426-453). After this hearing, the ALJ entered a second fully unfavorable decision. (Tr. 399-419). In this decision, the ALJ found Plaintiff met the insured status requirements of the Act through March 31, 2014. (Tr.

405, Finding 1). The ALJ found Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since March 31, 2008, her alleged onset date. (Tr. 405, Finding 2). The ALJ found Plaintiff had the following severe impairments: peripheral neuropathy, including mildly reduced sensory function of the right sural nerve and mildly reduced sensory and motor function of the right superficial peroneal nerve, and obesity. (Tr. 405-408, Finding 3). The ALJ also determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 408, Finding 4).

In this second decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 408-417, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the capacity to perform the full range of sedentary work. (Tr. 408-417, Finding 5).

The ALJ evaluated Plaintiff's PRW and found Plaintiff did not retain the capacity to perform any of her PRW. (Tr. 417, Finding 6). The ALJ then considered whether Plaintiff retained the capacity to perform other jobs existing in significant numbers in the national economy. (Tr. 417-418, Finding 10). The VE testified at the administrative hearing regarding this issue. (Tr. 418). Specifically, the VE testified a hypothetical individual with Plaintiff's limitations retained the capacity to perform the following occupations: (1) telephone solicitor or telemarketer (sedentary, semiskilled) with 175,000 such jobs in the national economy and 1,500 such jobs in Arkansas; (2) receptionist (sedentary, semiskilled) with 250,000 such jobs in the national economy and 1,500 such jobs in Arkansas; and (3) data entry clerk (sedentary, semiskilled) with 150,000 such jobs in the national economy and 1,000 such jobs in Arkansas. (Tr. 418). Based upon this finding, the ALJ determined Plaintiff had not been under a disability, as defined by the Act, from March 31, 2008

through the date of his decision or through August 1, 2014. (Tr. 417-418, Finding 10).

On October 5, 2015, Plaintiff filed her Complaint in this case. ECF No. 1. Both Parties have filed appeal briefs and have consented to the jurisdiction of this Court. ECF Nos. 5, 12, 14. This case is now ready for decision.

**2.     Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological,

or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.     Discussion:**

In her appeal brief, Plaintiff claims the ALJ's disability determination is not supported by substantial evidence in the record. ECF No. 12. Specifically, Plaintiff claims the following: (1) the ALJ erred in evaluating her severe impairments; (2) the ALJ erred in evaluating her RFC; (3) the ALJ erred by failing to fully and fairly develop the record; and (4) the ALJ erred in applying the Grids. *Id.* Because the Court finds the ALJ again erred in considering her trigeminal neuralgia as

6

a severe impairment, this case must be reversed.

A claimant suffers from a severe impairment if that impairment is more than slight and if that impairment affects the claimant's ability to do his or her basic work activities. *See Householder v. Bowen,* 861 F.2d 191, 192 n.1 (8th Cir. 1988). The Supreme Court has also held that a claimant does not suffer from a severe impairment where the claimant only suffers from "*slight abnormalities* that do not significantly limit any 'basic work activity.'" *See Bowen v. Yuckert,* 482 U.S. 137, 155 (1987) (O'Connor, S., concurring) (emphasis added); *see also Brown v. Bowen,* 827 F.2d 311, 311-12 (8th Cir. 1987) (adopting Justice O'Connor's language from *Bowen v. Yuckert*). *See also Kirby v. Astrue,* 500 F.3d 705, 707-09 (8th Cir. 2007).

Furthermore, the standard for determining whether a claimant suffers from a severe impairment is a low standard. *See Nicola v. Astrue,* 480 F.3d 885, 887 (8th Cir. 2007) (reversing the decision of the ALJ and holding that a diagnosis of borderline intellectual functioning should have been considered severe because that diagnosis was supported by sufficient medical evidence). If the ALJ errs by finding a severe impairment is not severe, the ALJ's disability determination must be reversed and remanded. *See Nicola,* 480 F.3d at 887.

In this case, Plaintiff alleged being disabled due to trigeminal neuralgia, which causes severe facial pain. (Tr. 36). Plaintiff has been repeatedly diagnosed with this impairment. (Tr. 282). In fact, on April 26, 2010, Plaintiff's doctor noted her facial pain was "10/10 right now" and Plaintiff was not sleeping due to her facial pain. (Tr. 282). It appears the Parties do not dispute the fact Plaintiff suffers from trigeminal neuralgia and that trigeminal neuralgia causes Plaintiff severe facial pain. ECF Nos. 12, 14.

Instead of finding that impairment was a separate severe impairment, however, the ALJ

grouped her trigeminal neuralgia with her peripheral neuropathy. (Tr. 12-14, Finding 3). This decision to group those two impairments together also caused the ALJ throughout his opinion to improperly group Plaintiff's trigeminal neuralgia with her peripheral neuropathy. For example, in his opinion, the ALJ found Plaintiff's "facial pain was much less painful when taking Neurontin (exhibit 1F)." (Tr. 17). Upon review of the records in Exhibit 1F, however, this is *not* what Plaintiff's doctors found. Instead, these records reflect that "Neurontin 1800 mg has helped with her legs, *but hasn't helped at all with her facial pain*." (Tr. 282) (emphasis added).

Further, this is the second time this case has been appealed to this Court. *See Hale v. SSA,* 2:12-cv-02302 (ECF No. 20). In both the first administrative decision and the second administrative decision, the ALJ did not properly consider Plaintiff's trigeminal neuralgia. Plaintiff filed her disability applications over six years ago on March 17, 2010. Plaintiff alleged an onset date of March 31, 2008, which is over eight years ago. (Tr. 10). Based upon the Court's review of the medical records in this case, the Court finds no further administrative development is necessary, and this case can be reversed and rendered. *See Andler v. Chater,* 100 F.3d 1389, 1394 (8th Cir. 1996) (holding that "[i]f the record presented to the ALJ contains substantial evidence supporting a finding of disability, a reviewing court may reverse and remand the case to the district court for entry of an order granting benefits to the claimant"). Such a remedy is especially appropriate where "further hearings would merely delay benefits." *Id.*

4. **Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence in the record. Further, as outlined above, the record contains substantial evidence supporting a finding of disability. Thus, this Court orders

Plaintiff's case be reversed and rendered with a direction to the SSA to award benefits. The SSA should be directed to calculate Plaintiff's past-due benefits from her application date of March 17, 2010. Such an onset date is consistent with Plaintiff's medical records, which are almost all dated after March 17, 2010. (Tr. 279-367, 600-722). A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 25th day of October 2016.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE